This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JOHNNY A. HERRERA,**

Worker-Appellant,

v.                                                    **NO. 28,577**

**EBERLINE SERVICES AND
COMMERCE & INDUSTRY
INSURANCE COMPANY,**

Employer/Insurer-Appellees

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION
Helen L. Stirling, District Judge**

Gerald A. Hanrahan
Albuquerque, NM

for Appellant

Michelle D. Lopez
McKinney, TX

for Appellees

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Worker appeals the compensation order entered on April 25, 2008. [RP 407] This case was assigned to the general calendar on June 26, 2008, but was re-assigned to the summary calendar on July 29, 2009. In our second calendar notice, we proposed to dismiss the appeal for lack of a final, appealable order. Worker has filed a memorandum in opposition to our calendar notice. After due consideration of Worker's arguments, we are not persuaded that dismissal is inappropriate in this case. Therefore, we dismiss Worker's appeal.

As discussed in our second calendar notice, the compensation order does not include assignment of an impairment rating to Worker. Instead, the WCJ offered the parties a choice between accepting an impairment rating of 17% as given by Dr. Elliott, a provider "whose opinions are currently not authorized," or requesting a hearing to appoint a specialist to assign an impairment rating to Worker. [RP 432] Worker was specifically granted thirty days from the date of the hearing, if requested, in which to file an appeal of the decision. [Id.] The parties did not request a hearing. Instead, Worker appealed the compensation order that contained the two options given to the parties.

As we discussed in our second calendar notice, an order is not final unless all issues of law and fact have been determined and the case disposed of by the fact finder

to the fullest extent possible. *See Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992). "Finality is a prerequisite to this Court's jurisdiction." *In re Adoption of Homer F.*, 2009-NMCA-082, ¶ 19, ___ N.M. ___, ___ P.3d ____. The compensation order in this case does not contain a final decision on the impairment rating to be assigned to Worker. Instead, the order gives the parties choices with respect to Worker's impairment rating. Therefore, the compensation order does not dispose of all issues of law and fact to the fullest extent possible. The Workers' Compensation Act allows direct appeals to this Court only from final orders by the WCJ. *See* NMSA 1978, § 52-5-8(A) (1989). While we sympathize with Workers' predicament, we lack jurisdiction to hear Worker's appeal. For the reasons discussed above and in our second calendar notice, we dismiss Worker's appeal.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

3

_____

**LINDA M. VANZI, Judge**